FILED

2016 NOV 10 PM 3:35

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**MERIDIAN GLOBAL CONSULTING, LLC**

***Plaintiff,***

**v.**

**TRUENORTH OPERATIONS GROUP, TERAS CARGO TRANSPORT, LLC, *IN PERSONAM*, AND M/V SEATTLE, *IN REM*,**

***Defendants.***

CIVIL ACTION NO. 3:16cv1425-J-25JRK

IN ADMIRALTY // FRCP 9(h)

**PLAINTIFF'S VERIFIED COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Meridian Global Consulting, LLC ("Meridian"), and for its Verified Complaint against Defendants TrueNorth Operations Group, Teras Cargo Transport, LLC, and the vessel MV SEATTLE (IMO No. 9161168), Her Engines, Boilers, Tackle, Furniture, Apparel, Bunkers, Appurtenances, etc., *in rem*, alleges as follows:

**THE PARTIES**

1. Plaintiff Meridian is a limited liability company duly organized under the laws of the State of Alabama engaged in the business of providing goods and services to ocean-going vessels including, but not limited to, provision of security services.

2. The *in rem* Defendant M/V SEATTLE is, upon information and belief, a cargo vessel, approximately 153 meters in length long x 24 meters in breadth.

3. Upon information and belief, TrueNorth Operations Group ("TrueNorth") is a corporation, or entity in the nature of a corporation, which at all times material hereto was the owner, operator or charterer of the M/V SEATTLE.

4. Upon information and belief, Teras Cargo Transport, LLC ("Teras") is a domestic limited liability corporation with its principal place of business in the State of Washington, and at all times material hereto was the owner, operator or charterer of the M/V SEATTLE.

**JURISDICTION AND VENUE**

5. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the maritime procedures and special relief provided in Rules B and C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure for the arrest and attachment of the M/V SEATTLE, Her Engines, Boilers, Tackle, Furniture, Apparel, Bunkers, Appurtenances, etc..

6. Subject matter jurisdiction of this Honorable Court is based upon 28 U.S.C. § 1333 and the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343. *In rem* jurisdiction over the M/V SEATTLE is appropriately exercised, as the vessel is now or will be, during the pendency of this action, within the Middle District of Florida, and may be attached and arrested in accordance with the provisions of Rules B and C, as pled below.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

**FACTS AND CLAIM**

8. Meridian provides goods and services to ocean-going vessels including, but not limited to, provision of security services, as well as other/similar services and related goods.

9. On the order of the M/V SEATTLE's owners, charterers, operators and/or duly authorized agents, Meridian provided labor and services to the M/V SEATTLE and its sister vessel (M/V NORFOLK), during the time period of December 2015 through October 2016. The *in personam* defendants are also the owners, charterers, operators and/or duly authorized agents of the NORFOLK.

10. The work/services provided were acknowledged and accepted by the vessels. See Exhibit 1. Total invoicing for work/services provided to the SEATTLE and its sister vessel (M/V NORFOLK) is set out, below:

* Invoice 296 for the MV Seattle initiating work in December 2015 - $81,350.00.
* Invoice 315 for the MV Seattle initiating work in April 2016 - $123,700.00.
* Invoice 337 for the MV Norfolk initiating work last month - $30,815.00.
* Invoice 348 for the MV Seattle initiating work in August - $60,135.00

Total amount billed: $296,000.00

**Total amount remaining unpaid, despite due demand therefore: $256,000.00.**

11. The non-payment for provision of the referenced necessaries delivered to the M/V SEATTLE and M/V NORFOLK has caused damage to Meridian, inasmuch as it has delivered the goods and/or performed services to benefit the vessel, but Meridian has not been paid for same.

## FIRST CAUSE OF ACTION

12. Meridian repeats and re-alleges paragraphs 1 through 11 set out hereinabove as though the same were more thoroughly set forth at length herein.

13. Meridian supplied "necessaries" to the M/V SEATTLE on the order of her owners, charterers, operators and/or duly authorized agents, within the meaning of the

Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343, which despite demand therefor, payment has not been received.

14. The failure to pay Meridian for the necessaries provided to the M/V SEATTLE gives rise to a maritime lien over said vessel for which the vessel is liable directly in accordance with the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343, and/or as otherwise allowed by the U.S. General Maritime Law.

**SECOND CAUSE OF ACTION // SUPPLEMENTAL RULE C RELIEF**

15. Meridian repeats and re-alleges paragraphs 1 through 14 set out hereinabove as though the same were more thoroughly set forth at length herein.

16. Pursuant to the Federal Maritime Law, Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, Meridian is entitled to arrest the M/V SEATTLE to enforce its maritime lien.

**THIRD CAUSE OF ACTION // SUPPLEMENTAL RULE B RELIEF**

17. Meridian repeats and re-alleges paragraphs 1 through 16 set out hereinabove as though the same were more thoroughly set forth at length herein.

18. Defendants TrueNorth and Teras do not have an office, place or business or agent for service of process within the State of Florida and cannot be found within this District. Property belonging to said Defendants, in the form of the M/V SEATTLE, Her Engines, Boilers, Tackle, Furniture, Apparel, Bunkers, Appurtenances, etc., is or during the pendency of litigation will be within the jurisdiction of this Honorable Court.

19. Therefore, a Writ of Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, Fed. R. Civ. P., may issue to attach the M/V

SEATTLE, Her Engines, Boilers, Tackle, Furniture, Apparel, Bunkers, Appurtenances, etc., as the property of the Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Meridian demands and prays for the following relief:

A. That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims be issued against Defendant M/V SEATTLE, Her Engines, Boilers, Tackle, Furniture, Apparel, Bunkers, Appurtenances, etc., placing the vessel under the arrest, custody and control of the United States Marshals Service of this District;

B. That process in due form issue against Defendants TrueNorth and Teras pursuant to Rule B Supplemental Rules for Certain Admiralty and Maritime Claims, and levy a Writ of Attachment against the M/V SEATTLE, Her Engines, Boilers, Tackle, Furniture, Apparel, Bunkers, Appurtenances, etc., as the property of the Defendants;

C. That all persons claiming an interest in the M/V SEATTLE and the aforesaid chattels found aboard the vessel be cited to appear and answer all and singular the matters aforesaid;

D. That Meridian have judgment hereon in the principal amount of $256,000.00 together with pre-judgment and post-judgment interest, attorneys' fees and costs, including but not limited to *custodia legis* expenses incurred in connection with the requested arrest and/or attachment of the M/V SEATTLE;

E. That the Defendant M/V SEATTLE, Her Engines, Boilers, Tackle, Furniture, Apparel, Bunkers, Appurtenances, etc., and all other appurtenances and additions, improvements, and replacements belonging thereto, be condemned and sold to pay the demands and claims aforesaid; and,

F. That Plaintiff may have such other, further and different relief as the Court deems just and proper.

Respectfully submitted this the 10th day of November, 2016.

Robert Neilson (FL #0085171)

*Attorneys for Plaintiff Meridian Global Consulting, LLC*

OF COUNSEL:

BURR & FORMAN LLP
Bank of America Tower
50 North Laura Street
Suite 3000
Jacksonville, FL 32202
Telephone: (904) 232-7200
Facsimile: (904) 232-7201
Email: rneilson@burr.com

**INSTRUCTIONS FOR CLERK OF COURT AND U.S. MARSHAL:**

**NOTE: PURSUANT TO LOCAL ADMIRALTY RULE 7.05(h), UNDERSIGNED COUNSEL FOR PLAINTIFF REQUESTS THAT PROCESS BE HELD IN ABEYANCE AT THIS TIME.**

Once service is requested, please issue Warrant of Arrest and Writ of Attachment, which can be served on the M/V SEATTLE (vessel), which is now lying afloat at or near the North Florida Shipyards, 2060 East Adams Street, Jacksonville, Florida 32202.

# VERIFICATION

State of Florida

County of Duval

COMES NOW, before the undersigned authority, Robert Neilson, who first being duly sworn, did depose and say as follows:

He is an attorney with the law firm Burr & Forman, LLP, attorneys of record for Plaintiff herein. He has read the foregoing complaint and knows the contents thereof; the same are true and correct except those allegations made on information and belief, and those he believes to be true. The source of his information and the grounds of his belief are documents and information supplied to him by Plaintiff, and that the reason this Affidavit is made by him and not by Plaintiff is that Plaintiff is a foreign corporation, none of whose officers are present within the Middle District of Florida.

Further, the undersigned checked the list of corporations found on the Florida Secretary of State's website (www.sunbiz.org), and found no listing for Defendants TrueNorth Operations Group and Teras Cargo Transport, LLC. Accordingly, it does not appear that either Teras or TrueNorth is registered to do business in the State of Florida, nor have they appointed a registered agent for service of process in the State and/or for service within this District, per Local Admiralty Rule 7.02(a).

Further, internet research revealed that TrueNorth has its principal place of business in Chesapeake, Virginia; Teras appears to have its principal place of business in Gig Harbor, Washington. Neither Defendant is shown to maintain a physical office, address or phone listing in the State of Florida.

Robert Neilson

Robert Neilson

NOTARY PUBLIC

SWORN to and subscribed before me, this the 10th day of November, 2016.

Tara L. Thompson

NOTARY PUBLIC

My commission expires on ________________________

TARA L. THOMPSON
Commission # EE 860797
Expires December 27, 2016
Bonded Thru Troy Fain Insurance 800-385-7019